UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 14-cr-10162-MLW |
| | ) | |
| CAMERON LACROIX | ) | |

DEFENDANT'S ASSENTED-TO MOTION
TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Defendant Cameron Lacroix respectfully moves, pursuant to 18 U.S.C. § 3583(e), to modify his conditions of supervised release, specifically conditions which restrict his Internet access to work and which deny him use of the Internet at his home. These restrictions, when viewed in the context of the comprehensive regimen of monitoring set out in other conditions imposed by the Court, are unduly restrictive and require revision in the light of the recent Supreme Court case of Packingham v. North Carolina, __ U.S. __, No. 15–1194, 137 S. Ct. 1730 (June 19, 2017).

As grounds for this motion, defendant states:

1. On June 2, 2014, defendant Lacroix was charged by Information, inter alia, with computer fraud, in violation of 18 U.S.C. § 1030(a)(2). On October 27, 2014, defendant was sentenced to 48 months' custody followed by 36 months' supervised release with special conditions.

2. In contemporaneous proceedings before Chief Judge Saris, in 14-cr-10227-PBS, U.S. v. Lacroix, defendant was similarly charged, in a case transferred from the Northern District of California, under 18 U.S.C. § 1030 alleging fraudulent activity connected with computers. He was sentenced to 48 months' custody, to be served concurrently with the sentence imposed in

14-cr-10162-MLW, and 36 months of supervised release.  The same conditions of supervised release were imposed in both cases.

    3.  Mr. Lacroix entered a community treatment center in December 2016, and was released from BOP custody on June 9, 2017.

    4.  In his Judgment, the following restrictions were imposed:

1. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications, or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement officer with reasonable suspicion concerning unlawful conduct.

2. The defendant shall not possess a computer (defined to include a tablet or smartphone) except as deemed necessary by the Court or the Probation Office for work purposes.

3. The defendant shall allow the U.S. Probation Office to install software designed to monitor computer activities on any computer the defendant is authorized to use. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the Probation Office. The defendant shall not attempt to remove or otherwise defeat such systems, and shall allow the Probation Office to examine such computer and receive data from it at any reasonable time. The defendant shall be required to contribute to the costs of these services based on the ability to pay or availability of third-party payment.

4. The defendant shall have no use of the Internet at his home, work, or elsewhere, unless approved by the U.S. Probation Office.

See Judgment, Dkt. No. 29, dated November 19, 2014.

    5.  In Packingham v. North Carolina, the Supreme Court held that restrictions to the Internet must be "'narrowly tailored to serve a significant governmental interest.'" Packingham v. North Carolina, No. 15–1194, __ U.S. __, 137 S. Ct. 1730, 1732 (June 19, 2017), quoting McCullen v. Coakley, 573 U. S. ___, 134 S. Ct. 2518 (2014). The Court held:

> In sum, to foreclose access to social media altogether is to prevent the user from engaging in the legitimate exercise of First Amendment rights. It is unsettling to suggest that only a limited set of websites can be used even by persons who have completed their sentences. Even convicted criminals—and in some instances especially convicted criminals—might

receive legitimate benefits from these means for access to the world of ideas, in particular if they seek to reform and to pursue lawful and rewarding lives.
Id.

6. In the wake of Packingham, defendant submits that conditions 2 and 4 are unduly restrictive as they limit his internet access to work and deny him use of the Internet at his home. These restrictions, when viewed in the context of the comprehensive regimen of monitoring imposed by other conditions, are unduly restrictive and should be stricken.

7. Defendant submits, and the government and probation agree, that condition 2 should be stricken and replaced with "Defendant shall promptly notify the Probation Department of any computer that he uses" and that condition 4 shall be stricken in its entirety.

8. A motion seeking identical relief is being filed in the proceedings before Chief Judge Saris, in 14-cr-10227-PBS.

The United States Attorney's Office, by Adam J. Bookbinder and Mona Sedky, assents to this motion.

        CAMERON LACROIX
        By his attorney,

        */s/ Charles P. McGinty*
        Charles P. McGinty
        B.B.O. #333480
        Federal Defender Office
        51 Sleeper Street, 5th Floor
        Boston, MA 02210
        Tel: 617-223-8061

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 15, 2017.

        */s/ Charles P. McGinty*
        Charles P. McGinty