UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 14-10227-PBS |
| | ) | |
| CAMERON M. LaCROIX | ) | |
| | ) | |

## TERMS AND CONDITIONS

1.   The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications, or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement officer with reasonable suspicion concerning unlawful conduct.

2.   The defendant shall not possess a computer (defined to include a tablet or smartphone) except as deemed necessary by the Court or the Probation Office for work purposes.

3.   The defendant shall allow the U.S. Probation Office to install software designed to monitor computer activities on any computer the defendant is authorized to use. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the Probation Office. The defendant shall not attempt to remove or otherwise defeat such systems, and shall allow the Probation Office to examine such computer and receive data from it at any reasonable time.

4.   The defendant shall have no use of the Internet at his home, work, or elsewhere, unless the U.S. Probation Office determines otherwise.

5.   The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.

6.   The defendant is to participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

7.   The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs

GOVERNMENT
EXHIBIT

1

PENGAD 800-631-6989

    of services for such treatment based on the ability to pay or availability of third-party payment.

8.  The defendant shall take all medications as directed by his/her mental health treatment provider.

9.  The defendant shall advise anyone in his household that any computer in the household may be subject to computer monitoring.

10. The defendant shall disclose all account information relative to Internet access, social networking, and email, including user names and passwords, to the Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his computer, as well as telephone, cable, or Internet service provider billing records and any other information deemed necessary by the Probation Office to monitor the defendant's computer usage.

11. The defendant shall consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon him, unless excused by the probation officer.

12. Prior to accepting any form of employment, the defendant shall seek the approval of the Probation Office, in order to allow the Probation Office the opportunity to assess the level of risk to the community the defendant may pose if employed in a particular capacity.

13. The defendant is to pay the balance of the restitution according to a court-ordered repayment schedule.

14. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

15. The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.